# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| JENNIFER J. LEUNG, | No. 51102-9-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| 6119 NE 104th Ct., Vancouver, Washington, et al; PROPERTY ID #107029056, et al; Clark County Road Atlas, Page 18, Subdivision: FRUITLAWN 9-2-2 E1/2 10-2-2 W1/2, Book Page A58, Location: 221 10 W1; ORCHARDS CENTER Lot 19: Book Page G819, Location: 221 9 S1; . . . , et al; DEED OF TRUST #4298493 DT, et al., | |
| Respondents. | |

GLASGOW, J. — Jennifer Leung appeals from the superior court's CR 12(b)(6) dismissal of her quiet title action against her own property. Because there is no authority allowing a plaintiff to bring a quiet title action against a parcel of property, we affirm the superior court's dismissal.

No. 51102-9-II

FACTS

I. ORIGINAL PLEADINGS

On July 7, 2017, Leung filed a Summons by Personal Service in the Clark County

Superior Court seeking to quiet title in her own property. The summons stated that the

defendants were 6119 NE 104th Ct., Vancouver, WA et al; Property ID #107029056 et al; DEED

OF TRUST #4258493 DT, et al.[1] The summons explained that the defendants were required to

respond to the attached written complaint in writing or a default judgment would be entered

against them.

The same day, Leung filed a document entitled Presentment in for Adverse Claim of

Possession, which appears to be the written complaint. This filing listed the following

defendants in its caption:

> Defendant: 6119 NE 104th Ct., Vancouver, WA, et al;
> PROPERTY ID # 107029056, et al; Clark County Road Atlas,
> page 18 Subdivision: FRUITLAWN 9-2-2 El/2 10-2-2 W1/2,
> Book Page: A58, Location: 221 10 W1; ORCHARDS CENTER
> Lot 19: Book Page: G819, Location: 221 9 S1; . . , et al; DEED
> OF TRUST # 4398493 DT, et al.

Clerk's Papers (CP) at 3 (alteration in original).

In this document, Leung asserted that although "the United States government owns all

property of the United States including the property of the people[]," it had no claim to her

property because (1) she had purchased her home via a government backed and secured loan and

---

[1] Although listed as individual defendants, each of the listed defendants relate to Leung's single piece of property. Because Leung refers to each of these descriptions of her property as separate entities, and therefore separate defendants, we do as well.

the United States must honor this contract, and (2) she had "the right to adverse possession of [her] property." CP at 4. Leung claimed that because "the mortgage papers as well as the associated deed of trust are considered entities under law," she could bring her claim against them. CP at 5.

In addition, citing *United States v. Real Property Located at 6340 Logan Street, Sacramento, California*, No. 2:16-CV-02399-KJM-CKD,[2] a civil forfeiture case, Leung asserted that there was legal authority showing that she could "bring forth an adverse possession on the parcel." CP at 5. She also asserted that she had a "due process right" to bring an "adverse possession complaint" to protect herself from being "deprived [of] the property without due process of law." CP at 5. She repeatedly referred to her claim as an adverse possession claim. In a section entitled "Affirmative relief," Leung requested equitable relief and claimed she was "due compensation" because "several financial institutions ha[d] filed false claims on [her] property over the years." CP at 5-6. She asserted those claims were based on "malicious lies, false claims, and or in[]accurate record-keeping."[3] CP at 6.

In her conclusion, she claimed that an unspecified party had improperly attempted to foreclose on her home. She further stated:

---

[2] It appears the correct citation should be *United States v. Real Prop. Located at 6340 Logan Street, Sacramento, California*, *Sacramento County* APN 038-0251-017-0000, 2:16-CV-02259-KJM-CKD, 2018 WL 558831.

[3] She further stated, "[s]o I bring forth here my claim for compensation due to injury, damage, slander, libel, duress, assault—on both my property, my image, and my reputation—, and for possession of the property and parcel listed above." CP at 6. But she does not mention any claim other than her quiet title action in her appellate brief and has therefore abandoned any other potential claims.

> The remedy is already at law, in law, the remedy is adverse possession, I have a
> right to adverse possession[.] I meet all of the pre-qualifiers for adverse possession
> and I place my claim on the record in its valid format, attested by me via affidavit
> as, *this is my home*.
> . . . .
> So again I seek equity and affirmative relief, in order STIPULATING complete and
> total control over my properties. I attest that I have attained the age of majority,
> that I am neither an infant, and incompetent person, an insane person and or a minor,
> *this is my home*.

CP at 6.

On the same day, Leung also filed a document entitled Notice of Pendency of Action,

that referred to the same named defendants. This document explained that it was intended to

give notice of the action against the defendants named in the caption and that this "action

includes a cause of adverse possession of the legal, real, personal property as described herein."

CP at 8. Leung also filed documents requesting subpoenas on the named defendants and

showing proof of service on 6119 NE 104th Ct., Vancouver, WA et al.

## II. MOTION FOR DEFAULT JUDGMENT

Just over two months later, Leung filed a motion for default judgment against the named

defendants. She asserted that she was entitled to a default judgment because the defendants had

failed to file a notice of appearance after service of her summons and complaint.

During the hearing on the motion for default judgment, the superior court repeatedly

attempted to clarify what claim or claims Leung was attempting to bring. The court asked if she

had any legal authority establishing that she could adversely possess her own property or that a

parcel of property could be a named defendant in these circumstances. Leung attempted to direct

the superior court to an affidavit in support of her motion for default that she had filed that day.

4

No. 51102-9-II

Although the superior court declined to read the new filing, Leung referred the court to the cases she had listed, which she asserted demonstrated that a parcel of property could be a named defendant. The court told Leung that the cases she was referring to did not involve causes of action that were the same as the claim she was now trying to assert.

Leung then asserted that her goal was "to protect the property . . . from predators" who might seek to claim her property using falsified information. Report of Proceedings (RP) at 6. She said:

> And, again, there's a lot of 'em because just like other—I heard some of these other people was talking about—
> . . . .
> —people actually—or institutions or lawyers or firms, they are trying to say that I owe money, but actually that property actually has been paid. And I had contacted Fannie Mae—
> . . . .
> but, unfortunately, the . . . bank or institution, they did not file that particular document.

RP at 7.

Noting that she had not listed any of these entities as defendants, the superior court explained to Leung that if she wanted to "foreclose a legal interest" in another party, that party had to have notice and an opportunity to be heard. RP at 7-8. Because she had not included these parties as defendants, Leung had failed to assert a "recognizable" legal claim upon which the court could grant relief and dismissed the case under CR 12(b)(6). RP at 8.

Leung appeals.

5

ANALYSIS

Leung challenges the superior court's order dismissing her case by arguing that the superior court erred when it concluded that she was not entitled to bring a quiet title claim against her own property.

We review the superior court's CR 12(b)(6) dismissals de novo. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014) (citing *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007)). "'Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove 'any set of facts which would justify recovery.'" *FutureSelect Portfolio Mgmt., Inc.*, 180 Wn.2d at 962-63 (quoting *Kinney*, 159 Wn.2d at 842).

Based on Leung's several filings and the discussion at the hearing, Leung appears to be attempting to pursue a quiet title action based on adverse possession against her own property in an attempt to prevent third parties from asserting claims against her property. As the superior court concluded, Leung fails to direct us to any authority establishing that a property owner can bring such a claim against her own property.

In her initial filings, Leung cited to *United States v. Real Property Located at 6340 Logan Street, Sacramento, California, Sacramento County*, to support her assertion that she could file her adverse possession claim against her property. CP at 5. But that case is a civil forfeiture action, not a quiet title or adverse possession case.

Similarly, in her later filing on the day of the hearing, Leung cited to numerous civil forfeiture actions[4] and other cases in which a property address was part of the caption only because the address was part of an entity's name.[5] None of the cases was a quiet title action against a parcel of property. And on appeal, Leung's argument appears to relate to the merits of her adverse possession claim rather than whether she can bring a quiet title claim based on adverse possession against the property itself. For example, Leung appears to assert that the United States government could potentially assert some type of claim against the property under certain 1933 federal legislation, and she presents a variety of arguments as to why the government cannot assert ownership of her property. But this argument is irrelevant if she cannot bring an adverse possession claim against her own property.

There is statutory authority requiring that a quiet title action based on adverse possession must be brought against a party other than the property:

> Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought *against . . . the person claiming the title or some interest therein.*

---

[4] *See, e.g.*, *United States v. Real Prop. Located at 1515-1517 Columbus Avenue Permanent Parcel Numbers 57-02231.000 and 57-02232.000 Titled to Davis & Pinchot Inv. LLC*, No. 3:2017cv00349 (N.D. Ohio Feb. 21, 2017); *United States v. Real Prop. Located at 9802 Northeast 24th Street*, 2:2015cv01742 (W. Wash. Nov. 5, 2015); *United States v. Real Prop. Located at 1308 Selby Lane, Knoxville, Tennessee 37922*, No 3:2010cv00423 (E.D. Tenn. Oct. 1, 2010); *United States v. Real Prop. Located at 120 S. Hacienda Boulevard in the City of Industry, California*, No. 2:2017cv03890 (C.D. Cal. Sept. 13, 2017). CP at 58.

[5] *See, e.g.*, *In re 7677 Real Street, LLC*, No. 01-16-00683-CV, 2017 WL 4366033 (Tex. App. Oct 3, 2017); *Twin City Fire Ins. Co. v. Park Ridge Real Estate Inv., Inc.*, *et al*, No. 1:2016cv10007 (N.D. Ill. Oct. 25, 2016).

RCW 7.28.010 (emphasis added); *see also*, 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS § 11.6, at 11 (2004) ("In a quiet title action, the defendant is any person who claims title or any lesser interest in the land that the plaintiff alleges is not genuine and that should be removed to clear the plaintiff's title or interest."). The property is not a person claiming title or interest in itself.

As the superior court acknowledged, given that a quiet title action would potentially extinguish another party's interest in the property, any adverse party is entitled to notice and an opportunity to defend against such an action. *See Valentine v. Portland Timber & Land Holding Co.*, 15 Wn. App. 124, 128, 547 P.2d 912 (1976) ("Clearly, due process requires a day in court before property interests can be extinguished." (Internal quotation marks omitted) This supports the conclusion that Leung cannot bring a valid quiet title against her property alone.

Leung also appears to assert that the superior court merely failed to recognize that she had the capacity to sue in her property's name. But the superior court did not dismiss this action based on Leung's ability to "represent" her property, and this argument does not answer whether the property itself can be a defendant in a quiet title action, which is the problem with her claim.

Leung further argues that the court fees charged to pursue this matter violated her right to access to the courts and subjected her to double jeopardy. She fails to support this argument with citations to the record or to supporting legal authority as required under RAP 10.3(a)(6). Accordingly, we decline to address this issue. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

8

Because Leung fails to show that a parcel of property can be a defendant in a quiet title against that property, we affirm the superior court's order of dismissal.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Worswick, J.

Lee, A.C.J.

---

[6] Leung also sought a stay pending this appeal, without further explanation. To the extent the issue is not moot, we decline to address this request because it is unclear what she is asking to stay. To the extent Leung is attempting to raise other issues or arguments not specifically addressed in this opinion, we hold that those issues or arguments were too vague to allow for review and do not reach them.